IN THE UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 25-6029 |
| | ) | |
| MATTHEW ALAN STACY, | ) | |
| | ) | |
|     Defendant-Appellant. | ) | |

## MOTION TO EXPEDITE APPEAL

Pursuant to 10th Cir. R. 27.5(A)(7), the United States moves to expedite this appeal. In support of this motion, the United States submits:

1. This case has been pending in the district court for over one year. *See* Doc. 1 (indictment returned April 2, 2024); Doc. 5 (Mr. Stacy's arraignment on April 10, 2024).

2. On June 12, 2024, Mr. Stacy moved to enjoin the prosecution of this case based on a limitation on the Department of Justice's use of appropriated funds to prevent certain states, including Oklahoma, from implementing their medical marijuana laws, commonly known as the Rohrabacher-Farr amendment. Doc. 67.

3. The parties submitted multiple filings, extensively briefing the issue, including proposed findings of fact and conclusions of law. *See* Docs. 202, 203. Put simply, the facts and arguments that the parties will present are already well known and have been thoroughly explored.

4. After holding two hearings, Docs. 126, 179–180, the district court entered an order denying Mr. Stacy's motion to enjoin the prosecution on February 27, 2025. Doc. 212. Mr. Stacy, an attorney, argued in the district court that the business structure he was arranging for his clients, prospective marijuana farm operators, was legal. The district court flatly concluded it was not: "At bottom, Mr. Stacy's business structure and conduct resulted in unlicensed and unregistered entities operating commercial marijuana farms. Further, the entire point of the business structure was to evade the [Oklahoma law's] residency requirements. This runs afoul of specific provisions of Oklahoma's medical marijuana laws and is not more technical noncompliance." *Id*. at 13. The district court also rejected his argument that his conduct merely constituted providing legal advice to clients, explaining that "he was repeatedly helping

unqualified third parties obtain [Oklahoma medical marijuana] licenses and was associated with numerous marijuana grows (including some that showed evidence of human trafficking or sales outside of the legal market) that were operating without the required [Oklahoma] registrations." *Id.* at 13–14.

5. On March 6, 2025, Mr. Stacy filed a notice of appeal from that order. Doc. 219.

6. On March 21, 2025, Mr. Stacy filed for a stay pending appeal. Doc. 230. The United States opposed that motion. Doc. 231.

7. On April 11, 2025, the district court granted the motion for stay. Doc. 239.

8. Mr. Stacy's opening brief is currently due on April 28, 2025.

9. Mr. Stacy is currently joined for trial with two other co-defendants. Doc. 1.

10. There are currently multiple cooperating defendants who are prepared to testify at this trial. Several defendants, in the Western District of Oklahoma, and other districts, are currently awaiting sentencing. At least one defendant's sentencing date has been continued in anticipation of their upcoming testimony.

The "'public [has an] interest in bringing prompt criminal proceedings.'" *United States v. Toombs*, 574 F.3d 1262, 1268 (10th Cir. 2009) (quoting *United States v. Thompson*, 524 F.3d 1126, 1131 (10th Cir. 2008)). The government also has an interest in enforcing its criminal laws. *See New Motor Vehicle Bd. of Calif. V. Orrin W. Fox Co.*, 434 U.S. 1345, 1351 (1977) (Rehnquist, J., in chambers). Given the district court's decision to stay, the delay caused by an interlocutory appeal in this case is "particularly damaging." *Di Bella v. United States*, 369 U.S. 121, 124 (1962); *see also id.* at 126 ("[T]he delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair administration of the criminal law.").

For these reasons, the United States respectfully requests that this Court order the following:

(1) that no extensions of time to file a brief will be granted absent extraordinary circumstances;

(2) the due date for the United States' response brief is 21 days after Mr. Stacy files his opening brief;

(3) the due date for any optional reply brief on behalf of Mr. Stacy is 21 days after the United States files its response brief;

(4) assign the case to a merits panel promptly so that it may consider setting the case for expediated oral argument in late June or early July, to the extent oral argument is necessary, as well as expediting issuance of the opinion.

The United States has contacted Robert M. Goldstein, counsel for Mr. Stacy, and he does object to the relief requested and will promptly file an opposition.[1]

                              Respectfully submitted,

                              ROBERT J. TROESTER
                              United States Attorney

                              <u>s/ Nick Coffey</u>
                              NICK COFFEY
                              Bar Number: OK 32754
                              Assistant U.S. Attorney
                              210 W. Park Avenue, Suite 400
                              Oklahoma City, Oklahoma 73102
                              (405) 553-8700 (office)
                              (405) 553-8888 (fax)
                              Nicholas.coffey2@usdoj.gov

---

[1] As set forth above, the government is not requesting that Mr. Stacy's briefing deadline be truncated over his objection. Rather, it requests a shortened deadline for its own briefing, no extensions for either party, and expedited setting for oral arguments, if necessary, and issuance of an opinion.

**Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

    As required by Fed. R. App. P. 32(g), I certify that this motion is proportionally spaced and contains 763 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). I relied on my word processor to obtain the count and it is: Microsoft Word 365.

    This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

    I certify that the information on this form is true and correct to the best of my knowledge and belief formed after a reasonable inquiry.

                                        s/ Nick Coffey
                                        Assistant U.S. Attorney